**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DIANA L. TAYLOR** **CIVIL ACTION NO.**

**VERSUS**

**21-369-BAJ-EWD**

**OLD REPUBLIC INSURANCE COMPANY, ET AL.**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, January 5, 2022.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DIANA L. TAYLOR** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-369-BAJ-EWD** |
| **OLD REPUBLIC INSURANCE COMPANY, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Notice of Removal, as amended, filed by Defendant Old Republic Insurance Company ("Old Republic").[1] Plaintiff Diana Taylor ("Plaintiff") has not filed a motion to remand; however, as Old Republic has not established the requisite amount in controversy, it is recommended[2] that this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, *sua sponte*.

## I. Background

This is a civil action involving claims for damages allegedly sustained by Plaintiff during a motor vehicle collision that occurred on January 14, 2021.[3] Plaintiff claims that she was traveling "through a parking lot located at Sherwood Plaza…when suddenly and without warning a [vehicle] driven by defendant, Hung Tran, and owned by defendant First Food Company, LLC, collided with…[Plaintiff's] vehicle."[4] Plaintiff also alleges that at the time of the collision: (1) Hung Tran ("Tran") was employed by First Food Company, LLC ("First Food"), and (2) Old Republic Insurance Company ("Old Republic") insured First Food and/or the vehicle owned by First Food

[1] R. Docs. 1 and 7.
[2] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.")
[3] *See, generally*, R. Doc. 1-2.
[4] *Id*. at ¶ 3.

and driven by Tran.[5] On May 24, 2021, Plaintiff filed a Petition for Damages ("Petition") against Tran, First Food, and Old Republic (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[6] Plaintiff claims that she suffered personal injuries, property damage, and lost wages because of the collision, caused by the negligence of Tran, for which First Food is vicariously liable.[7] Old Republic removed the case to this Court on June 25, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[8]

As set forth more fully in the *sua sponte* Order issued by the Court on August 3, 2021 ("August 3 Order"), the Notice of Removal, despite several appended documents,[9] was deficient because Old Republic did not establish that Plaintiff's damages are likely to exceed $75,000, exclusive of interest and costs.[10] Old Republic was ordered to file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met, and Plaintiff was ordered to file a Notice stating either that she did not dispute that Old Republic

[5] *Id*. at ¶¶ 6-7.
[6] *Id*.
[7] *Id*. at ¶¶ 3-8.
[8] R. Doc. 1.
[9] The documents appended to the Notice of Removal included: (a) Plaintiff's Petition and Citation (R. Docs. 1-2, 1-3), (b) correspondence from Old Republic's counsel to Plaintiff's counsel concerning the lack of a La. Code Civ. P. art. 893 allegation and a proposed stipulation regarding the amount in controversy (R. Docs. 1-4, 1-5), (c) Plaintiff's counsel's response to the correspondence from Old Republic's counsel, along with the first page of Plaintiff's prior, pre-suit Demand (R. Docs. 1-6, 1-7), (d) a document from the Pennsylvania Department of State relating to Old Republic's citizenship (R. Doc. 1-8), and (e) a List of Parties and Pleadings (R. Doc. 1-9).
[10] R. Doc. 6. In addition to amount in controversy, the Notice of Removal was also deficient because Old Republic did not sufficiently allege the citizenship of Plaintiff, Tran, or First Food. *Id*. at pp. 2-5. Old Republic was ordered to file a comprehensive Amended Notice of Removal that "adequately alleges (1) the citizenship of Plaintiff and Tran, including their respective domiciles, and (2) the citizenship of First Food, and all its respective members, as described in this Notice and Order." *Id*. at p. 9. Although Old Republic filed an Amended Notice of Removal, the citizenship allegations as to Plaintiff and Tran remain deficient. *See* R. Doc. 7, at ¶ 16(a) and 17(a) (alleging that Plaintiff is a "***resident*** of Baton Rouge, Louisiana," and that Tran is a "***resident*** of Lawrenceville, Georgia"). As explicitly explained in the August 3 Order, to properly plead the citizenship of an individual, such as Plaintiff and Tran, Old Republic must affirmatively plead that individual's domicile. *Id*. at p. 3 and n. 15 (citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). But Old Republic did not do this, electing instead to plead Plaintiff and Tran's residencies again. While the focus of this Recommendation is on Old Republic's failure to establish the amount in controversy, and although 28 U.S.C. § 1653 permits the amendment of "[d]efective allegations of jurisdiction," which Old Republic had an opportunity to do here, Old Republic's failure to properly allege the citizenship of Plaintiff and Tran and, thus, to establish complete diversity is an additional basis supporting the recommendation of *sua sponte* remand.

established the jurisdictional requirements of 28 U.S.C. § 1332, or a Motion to Remand.[11] Old Republic filed its Supplemental Briefing on Amount in Controversy ("Memorandum"), as well as the entirety of Plaintiff's April 13, 2021 settlement demand ("Demand").[12] Plaintiff did not file a notice or motion to remand, as ordered, nor did she otherwise respond to Old Republic's Memorandum. Relatedly, the parties' Joint Status Report simply states, "Jurisdiction for this lawsuit is provided by 2[8] U.S.C. § 1332."[13]

Because Old Republic has not met its burden of establishing by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional threshold, remand is recommended.

## II. Law and Analysis

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[14] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[15] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[16] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of

[11] R. Doc. 6.
[12] R. Docs. 8, 8-1.
[13] R. Doc. 11, p. 1.
[14] 28 U.S.C. § 1441(a).
[15] 28 U.S.C. § 1332(a)-(a)(1).
[16] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

remand.[17] The removing party has the burden of proving federal diversity jurisdiction.[18] Remand is proper if at any time the court lacks subject matter jurisdiction.[19] The Court has a duty to raise the issue of jurisdiction *sua sponte.*[20]

**B. Procedural History Relevant to the Amount in Controversy**

The Petition only generally alleges that Plaintiff suffered personal property damages, lost wages, and personal injuries, including "injuries to [her] head, chest, neck, back, shoulders, arms, legs, hands, feet, fingers, toes, elbows, writs, knees, ankles, hips, torsos, ribs, abdomen, and/or body as a whole."[21] Plaintiff seeks the following damages: "pain, suffering, grief, mental anguish, medical expenses, lost wages, loss of income earning capacity, property damages, and/or loss of enjoyment of life."[22]

In its Notice of Removal, Old Republic conceded that it is "not apparent from the face of Plaintiff's [] Petition that this matter is removable."[23] However, relying on the above injury allegations bolstered by information in the Demand regarding Plaintiff's "severe spinal injuries," Old Republic argued that "the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[24] Specifically, Old Republic relied heavily on Plaintiff's Demand, which indicates (1) that Plaintiff was "initially 'diagnosed with left cervical sprain/strain, thoracic sprain/strain, lumbar sprain/strain, left shoulder sprain/strain, and cervical radiculitis'"; (2) that Plaintiff

---

[17] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).
[18] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[19] *See* 28 U.S.C. § 1447(c).
[20] *Richard v. USAA Casualty Insurance Company,* No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017), *citing Gonzales v. Thaler*, 565 U.S. 134, 141 (2012).
[21] R. Doc. 1-2, ¶¶ 3-4.
[22] *Id*. at ¶ 8.
[23] R. Doc. 1, ¶¶ 18, 20.
[24] *Id*. at ¶¶ 14-21.

"underwent an MRI of her cervical spine that revealed 'C3-4 central and left lateral disc herniation, C4-5 bilobed disc herniation, C5-6 central and right lateral disc herniation, advanced degenerative disc disease, C5-6 cord compression, [and] C6-7 central and lateral disc protrusion'"; (3) that Plaintiff "underwent a lumbar MRI that 'revealed L3-4 advanced facet joint arthrosis, L4-5 central and left lateral disc protrusion, L4-5 moderate facet joint arthrosis, [and] L5-S1 advanced facet joint arthrosis'"; and (4) that it is anticipated that Plaintiff "will be referred for ESIs for her aforementioned spinal injuries…"[25] Old Republic also relied on Plaintiff's failure to include a La. Code Civ. P. art. 893 allegation in her Petition, as well as the pre-suit Demand from Plaintiff "cit[ing] to a range of cases suggesting general damages for the type of injuries sustained in this litigation ranged from anywhere between $85,000.00 and $245,000.00."[26]

In its Memorandum, Old Republic argues that the "amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs" based on the combination of the following "1. The lack of a general allegation contained in the Petition for Damages filed by the [P]laintiff; 2. The [P]laintiff's June 14, 2021 correspondence refusing to stipulate that the amount in controversy is less than $75,000.00; and 3. The April 13, 2021 policy-limits settlement demand submitted by [Plaintiff's] counsel."[27] Old Republic's arguments as to items 1 and 2 appear to be recycled from its Notice of Removal, which the Court already advised was insufficient to establish the amount in controversy, although Old Republic asks the Court to "re-visit" these issues.[28]

Additionally, Old Republic again relies heavily on the "policy limits" Demand (*i.e.*, item 3) received from Plaintiff's counsel.[29] Pages 2 and 3 of the Demand (which were not attached to

---

[25] *Id*.

[26] R. Doc. 1, ¶¶ 14-21. In the August 3 Order, the undersigned explained that while Old Republic referred to pages 2 and 3 of Plaintiff's Demand, those pages were not reviewed, or considered, because they were not attached to the original Notice of Removal. R. Doc. 6, p. 6, n. 31.

[27] R. Doc. 8, pp. 1, 3-4.

[28] *Id*. *See also* R. Doc. 6, pp. 5-9.

[29] R. Doc. 8, pp. 2-4, 8.

the original Notice of Removal) contain some limited, additional information about Plaintiff's injuries, treatment and/or expected future treatment, and the medical expenses she has incurred. The Demand notes that Plaintiff has suffered "very serious spinal injuries, as a result of this accident," that she was "referred for orthopedic care…[and] will soon begin treatment with Dr. Wyatt of Orthopedic Care Center," and that Plaintiff has incurred $6,177.00 in medical expenses as of the date of the Demand.[30] The Demand also expresses Plaintiff's counsel's "anticipat[ion] that [Plaintiff] will be referred for ESI's for her aforementioned spinal injuries, due to the severity of her spinal disc injuries as shown in her MRI's."[31] Lastly, in support of the "recommendation for settlement…in the total amount of your insured's policy, which I understand are more than minimum limits policy," Plaintiff's counsel listed several cases—mostly from Louisiana state court—where plaintiffs "with cervical and lumbar injuries requiring medical treatment received awards up to $245,000.00."[32]

### C. Old Republic Has Failed to Establish, by a Preponderance, that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[33] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[34] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by

[30] *Id*.
[31] *Id*.
[32] *Id*. at pp. 2-3. As noted, Plaintiff did not file a notice stating that she does not dispute that Old Republic established the jurisdictional requestions of 28 U.S.C. § 1332, including the amount in controversy, nor did she file a motion to remand.
[33] La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[34] *Luckett*, 171 F.3d at 298 (*citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

affidavit—that support a finding of the requisite amount.'"[35] Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[36]

As Old Republic concedes, it is not facially apparent from the Petition that Plaintiff's claims likely exceed the federal jurisdictional amount.[37] There are no allegations of specific injuries. Plaintiff's allegations of injuries to her "body as a whole," along with demands for general categories of damages (*e.g.*, pain, suffering, grief, mental anguish, medical expenses, lost wages, loss of income earning capacity, property damages, and/or loss of enjoyment of life, etc.),[38] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[39] Further, the Petition does not provide any information regarding Plaintiff's claimed medical expenses, lost wages, property damage, etc. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[40]

---

[35] *Luckett*, 171 F.3d at 298 (*quoting Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[36] *De Aguilar*, 47 F.3d at 1412.
[37] R. Doc. 8, p. 8. *See also* R. Doc. 1, ¶¶ 18, 20.
[38] R. Doc. 1-4, ¶ 8. Nor is the general recitation in the Petition sufficient that nineteen individual body parts were injured, as this recitation covers just about every area of the body, including the head and shoulders, knees and toes.
[39] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, *3 (M.D. La. Jan. 6, 2012) and cited cases.
[40] *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (*citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). *See also Torres v. Mall of Louisiana, LLC*, No. 17-466, 2017 WL 6884347, at *3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, No. 17-414, 2017

Since it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether Old Republic has met its burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. Regarding summary judgment-type evidence, Old Republic relies heavily on Plaintiff's three-page, pre-suit "policy limits" Demand.[41] However, Old Republic's reliance on the Demand to establish the amount in controversy is misplaced for several reasons.

First, Old Republic relies on the information in the Demand regarding the specific nature of the "severe spinal injuries" suffered by Plaintiff and Plaintiff's treatment. Those injuries include a left shoulder sprain/strain; cervical, thoracic, and lumbar sprains/strains; cervical radiculitis; disc herniations at C3-4, C4-5, C5-6; cord compression at C5-6; disc protrusion at C6-7 and L4-5; facet joint arthrosis at L3-4, L4-5, and L5-1; and advance degenerative disc disease.[42] For these injuries, Plaintiff has undergone some undetermined period of physical therapy and cervical and lumbar MRIs, and had incurred only $6,177.00 in medical expenses prior to removal.[43] The Demand—and the record as a whole—contain little information about Plaintiff's prognosis and recommended

---

WL5762436, at *3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).

[41] *See, generally*, R. Docs. 8, 8-1. The other summary judgment-type evidence submitted in support of removal, which is attached to the Notice of Removal, includes: (1) Plaintiff's Petition and Citation; (2) a June 11, 2021 letter from Old Republic's counsel to Plaintiff's counsel noting Plaintiff's failure to comply with La. Code Civ. P. art. 893 and requesting that Plaintiff execute a joint stipulation that her damages do not exceed $75,000, exclusive of interest and costs; (3) the proposed Joint Stipulation; (4) a June 14, 2021 letter from Plaintiff's counsel stating, "We do not stipulate that this case is less than $75,000.00," and referring Old Republic's counsel to Plaintiff's Demand, the first page of which is attached; and (5) business entity information regarding Old Republic from the Pennsylvania Department of State. *See* R. Docs. 1-2 – 1-8.

[42] R. Doc. 8, p. 3; R. Doc. 8-1, pp. 1-2.

[43] *Id.* Although the length of Plaintiff's treatment is not specified in the record, Plaintiff's accident occurred on January 14, 2021, Plaintiff's Demand is dated April 13, 2021, and this case was removed on June 25, 2021. Accordingly, at most, Plaintiff treated for three months prior to the Demand and/or five months prior to removal.

future treatment, other than (1) that Plaintiff "will soon begin treatment with Dr. Wyatt of Orthopedic Care Center for [her] injuries," and (2) that Plaintiff counsel's "anticipate[s] that [Plaintiff] will be referred for ESIs…"[44] However, most of this information was attached to and discussed in the original Notice of Removal and, as explained in the August 3 Order, is insufficient to establish the amount in controversy.[45] Indeed, Plaintiff's injuries and treatment, even as documented in the summary judgment-type evidence submitted in support in removal, are not of the severity required to establish that Plaintiff's damages meet the jurisdictional threshold, particularly considering that Plaintiff's documented past medical expenses for multiple months of treatment amount to only about $6,200.[46] Although the information in the Demand indicates that the primary medical issue for Plaintiff involves several herniated and/or protruding discs, along with cervical, thoracic, and lumbar sprains/strains, there was no recommendation for ESIs or surgery at the time of the Demand or at the time of removal, nor is there a surgical recommendation in the summary judgment-type evidence submitted.

At most, Plaintiff has had only a few months of conservative treatment consisting of cervical and lumbar MRIs and physical therapy visits, incurring just under $6,200 in medical expenses, which is insufficient to reach the jurisdictional threshold. There is ample authority from this Court and others in this Circuit, which has found that removing defendants failed to establish the jurisdictional threshold when alleging similar injuries, treatment, and medical expenses. *See, e.g., Cole v. Mesilla Valley Transportation,* where this Court held that the plaintiff's medical expenses of $7,318 at the time of removal (which is more than Plaintiff's medical expenses here), with the possible additional cost of an MRI, physical therapy, and a recommendation for epidural

---

44 R. Doc. 8-1, p. 2.
45 *See* R. Doc. 6, pp. 5-9, and *compare* R. Doc. 1-7 and R. Doc. 8-1.
46 *Id*. *See also* R. Doc. 8-1.

steroid injections, along with several lumbar disc bulges, was not sufficient for federal jurisdiction.[47] In *Cole,* this Court noted: "Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal."[48] Even for herniated discs, "[t]his court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended."[49] "Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record."[50]

---

[47] No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017).

[48] *Cole*, 2017 WL 1682561, at *5, *citing Barrow v. James River Insurance Company*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and bilateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed).

[49] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016), *citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011).

[50] *Thomas*, 2016 WL 1317937 at *4: "*See, e.g., Hebert v. Hanco Nat. Ins. Co*., No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff 'suffers from a herniated disc, without any recommendation for surgery' and the plaintiff 'continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish'); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a 'herniated cervical disc [or] segmental cervical instability' and a 'herniated lumbar disc [or] segmental lumbosacral instability' and was a 'potential surgical candidate' and plaintiff stipulated that his damages did not exceed $50,000). There is no evidence in the record that Plaintiff's physicians have recommended him to undergo surgery for his bulging discs."

Significantly, there is nothing in the record indicating that Plaintiff was recommended for—much less underwent—an ESI or surgery at the time of removal. In summary, the limited summary judgment-type evidence relating to Plaintiff's injuries reflects only minimal medical expenses and treatment of MRIs and physical therapy,[51] but this type of conservative treatment does not meet the jurisdictional threshold.[52] Furthermore, while the Petition demands "lost wages" and "loss of earning capacity,"[53] there is no evidence of the amount of Plaintiff's lost wages or inability to work, how many days of work she missed, if any, or whether she is working/can work.[54] Likewise, there is no evidence of the property damages Plaintiff claims she sustained as a result of the collision.[55]

Second, Old Republic makes much to do about the Demand being a "policy limits" demand. Indeed, Old Republic notes that the Demand is for "policy limits" eight times in its Memorandum.[56] But this too is insufficient to establish the amount in controversy. A careful reading of the Demand shows (1) that neither Plaintiff nor her counsel knew the limits of the policy at issue when making the "policy-limits" demand, and (2) that the Demand is not actually a demand for a specific amount in excess of jurisdictional threshold.[57] For example, although Plaintiff's counsel ***recommends*** "settlement in the total amount of Old Republic's insured's policy, which he understands is a more than minimum limits policy," the Demand makes clear that Plaintiff's counsel did not know the actual amount of the policy at the time of the Demand.[58] Further, the

---

[51] *See* R. Doc. 8-1, which is discussed above.
[52] *See Cole,* 2017 WL 1682561, at *5 and cases cited therein and discussed *supra.*
[53] R. Doc. 1-2, ¶ 8.
[54] *See, e.g.*, R. Docs. 1, 1-2, 8, 8-1.
[55] *Id*.
[56] *See* R. Doc. 8.
[57] R. Doc. 8-1.
[58] *Id.* at p. 2 (emphasis added). *See also id*. at p. 2 ("Please note that we will need a certified copy of the declarations page showing policy limits herein, as soon as possible…Please contact me to advise me of the amount of your client's policy limits ASAP so we can discuss this claim."). Under Louisiana law, the minimum limits for a motor vehicle liability policy are 15,000/30,000/25,000. *See* La. R.S. § 32:900 (requiring owner's and operator's policy of liability

undersigned cannot determine the limits of the policy at issue as Old Republic failed to include that information in its Memorandum or to submit a copy of the policy and/or declarations page. Contrary to Old Republic's argument Plaintiff is demanding Demand damages between $85,000 and $245,000, Plaintiff's demand is—at most—a demand for Old Republic's insured's policy limits, whatever those limits may be, based on Plaintiff's counsel's assessment of quantum informed by a "recent line of Louisiana cases in which plaintiffs with cervical and lumbar injuries requiring medical treatment received awards up to $245,000.00."[59]

Third, Old Republic does not independently rely on any cases in its effort to establish the amount in controversy. Old Republic initially relied on the cases discussed in Plaintiff's Demand,[60] but, as explained in the August 3 Order, these cases were insufficient to establish the amount in controversy, noting that "a simple recitation of cases where plaintiffs have been awarded damages that would exceed the federal jurisdictional amount are not sufficient to establish the amount in controversy."[61] Nonetheless, Old Republic "respectfully requests that this Court re-visit its previous warning" because it is Plaintiff—not Old Republic—relying on these cases "to support the contention that the general damages sustained by his client ranged somewhere between

---

insurance to provide insurance to named individuals subject to the following limits: "(a) Fifteen thousand dollars because of bodily injury to or death of one person in any one accident, and (b) Subject to said limit for one person, thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and (c) Twenty-five thousand dollars because of damage to or destruction of others in any one accident."). A demand for some amount greater than $15,000 is quite different from a demand for more than $75,000, exclusive of interest and costs.

[59] *See* R. Doc. 8-1, pp. 2-3 and cases discussed there. *See also Brown v. Protective Ins. Co.*, No. 19-13710, 2020 WL 104299, at *4 (E.D. La. Jan. 9, 2020) (citations omitted) (emphasis in original) ("However, other damages awards based on highly individualized facts and determined after a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists. Protective Insurance Company 'must do more than merely show that plaintiff could recover more than the jurisdictional amount' to satisfy its burden. Rather, Protective Insurance Company must point to facts *in this case* that establish that the actual amount in controversy exceeded $75,000. Despite Protective Insurance Company's argument that the categories of damages that Plaintiffs list could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that '[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard,' and is therefore an improper standard when assessing the amount in controversy.").

[60] R. Doc. 1, ¶¶ 14-21.

[61] *See* R. Doc. 6, p. 8, n. 34, citing *Brown*, 2020 WL 104299, at *4 (E.D. La. Jan. 9, 2020).

$85,000.00 and $245,000."[62] Old Republic appears to misunderstand that a removing defendant, who seeks to have this Court exercise its limited subject matter jurisdiction, has the burden of establishing the basis for that request.[63]

Lastly, neither Plaintiff's failure to include a La. Code Civ. P art. 893 allegation in her Petition, nor Plaintiff's counsel's statement that Plaintiff "do[es] not stipulate that the case is less than $75,000.00"[64] are sufficient to establish the amount in controversy. There is ample authority from this Court and others within this Circuit holding that, while the failure to include an Article 893 allegation and/or a plaintiff's refusal to stipulate that their damages do not exceed the jurisdictional threshold are entitled to some consideration, they are not dispositive of the amount in controversy.[65] In any case, even affording some weight to Plaintiff's failure to include an Article

---

[62] R. Doc. 8, p. 8.

[63] Even if the issue were revisited, the cases cited by Plaintiff, and relied on by Old Republic, are insufficient to establish the amount in controversy here as they are distinguishable, especially considering the limited information about Plaintiff's injuries, prognosis, and treatment in the record. Initially, it is important to note that the damage awards in the cases cited in the Demand came at the conclusion of either a bench or jury trial. Additionally, a cursory review of those cases shows that those plaintiffs had much longer and/or more extensive treatment histories than the Plaintiff in this case. *See, e.g., Bush v. Diamond Offshore Co.*, 46 F.Supp.2d 515 (E.D. La. 1999) (plaintiff, who treated at the emergency room and with several doctors over the course of 1.5 years and will "need[] future medical care, including surgery, was awarded $130,000 in general damages); *Lastrapes v. Progressive Sec. Ins. Co.*, 2010-0051 (La. 11/30/10), 51 So.3d 659 (plaintiff, who treated with several doctors over the course of a couple years and underwent "at least five treatments for his neck and back pain, including trigger point injections and nerve blocks," a "steroid injection," additional "trigger point injections[] and nerve blocks," and "four cervical epidural steroid injections," and received a recommendation for cervical neck surgery, received $125,000 in general damages, plus $88,000 in pre-trial medical expenses); *Keller v. City of Plaquemine*, 96-1933 (La. App. 1 Cir. 9/23/97), 700 So.2d 1285 (plaintiff, who treated with several doctors over the course of three years before trial, was determined to be 10% disabled by his doctor, was not a surgical candidate because of his ongoing cancer treatment, and, according to his doctor, would "continue to suffer persistent pain and intermittent problems with his back" without surgical intervention, was awarded $125,000 in general damages); *Day v. Ouachita Parish School Bd.*, 35,831 (La. App. 2 Cir. 8/8/02), 823 So.2d 1039 (high school-aged plaintiff suffered a back injury and treated with several doctors off and on over the course of several years and received—but did not undergo—recommendations for ESIs and surgery, was awarded $245,000 in general damages); *Peoples v. Fred's Store of Tennessee, Inc.*, 2009-1270 (La. App. 3 Cir. 6/2/10), 38 So.3d 1209 (plaintiff, who treated with several doctors over the course of several years for shoulder and cervical injuries; underwent (a) "several steroid injections" in and surgery on her right shoulder and (b) steroid injections to her neck, which did not offer much relief; received a recommendation for surgery "to insert metal plates in her neck to relieve the pressure"; and received/used a Transcutaneous Electrical Nerve Stimulation (TENS) unit pending surgery, was awarded general damages of $55,000 for her shoulder injury and $85,000 for her cervical injury).

[64] R. Doc. 1, ¶¶ 3-5; R. Doc. 1-5; R. Doc. 1-6.

[65] *See, e.g., Demoulin v. Labor Smart, Inc.,* No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017), *report and recommendation approved,* No. 17-115, 2017 WL 2468796 (M.D. La. June 7, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in

893 allegation in her Petition and her refusal to stipulate that her damages do not exceed $75,000,[66] exclusive of interest and costs, those actions—when considered alone or in tandem—are not sufficient to sustain Old Republic's burden, in light of the low amount of Plaintiff's medical expenses and conservative treatment over the course of a few months.[67]

Any doubt as the existence of subject matter jurisdiction is resolved in favor of remand.[68] The amount in controversy is not facially apparent from the Petition and, despite the opportunity to submit additional evidence, Old Republic has not met its burden of proving by a preponderance of the evidence that the amount in controversy likely exceeds $75,000, exclusive of interest and

---

controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.*, No. 13-531, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("'[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.'"); *Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."). *See also e.g.*, *Johnson v. Petsmart, Inc.,* No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').").

[66] This Court has also consistently found that a plaintiff's refusal to stipulate that damages do not likely exceed $75,000 is not sufficient to establish to establish amount in controversy. *See, e.g.*, *McClay v. DG Louisiana, LLC*, No. 20-59, 2021 WL 3237313, at *9 (M.D. La. June 11, 2021) ("Finally, while Plaintiff refused to enter into the stipulation proffered by Defendant that her damages were less than $75,000, that information alone is not enough to establish the jurisdictional minimum."); *Shelton v. Hallmark Trucking Ins. Co.*, No. 17-1683, 2018 WL 1998341, *3 (M.D. La. Mar. 27, 2018) ("This court has previously explained that the failure to execute a stipulation is but one factor for the court to consider in its amount in controversy analysis."); *Cage v. Hobby Lobby Stores, Inc.*, No. 14-58, 2015 WL 803120, at * 4 (M.D. La. Feb. 25, 2015) (explaining that court "may consider the Plaintiff's refusal to sign the stipulation [that the amount in controversy was less than $75,000] as a factor in determining whether Defendant has met its burden of proof.") (citing *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at * 5 (W.D. La. Feb. 4, 2014)).

[67] Old Republic also relies on a statement from *Wornner v. Christian Home Health*, No. 13-6416, 2014 WL 130331 (E.D. La. Jan. 14, 2014) for the proposition that the failure to include an 893 allegation "creates a 'strong presumption' in favor of jurisdiction." R. Doc. 8, pp. 4-5. First, this is not the law, as interpreted by this Court, which, as noted above, has consistently held that the lack of an 893 allegation is only entitled to some consideration. Additionally, the *Wornner* case cites to *Raggio, Cappel, Chozen & Berniard v. Hartford Steam Boiler Inspection & Ins Co*., No. 06-1981, 2006 WL 4059093 (W.D. La. Dec. 29, 2006) in support of the statement regarding the presumption associated with the lack of an 893 allegation. In *Raggio*, the court noted that plaintiff had claimed property damages and lost income of more than $50,000, which, coupled with the demand for fees and penalties, easily established an amount in controversy above $75,000.

[68] *Gasch*, 491 F.3d at 281-82. *See also Manguno*, 276 F.3d at 723 ("[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

costs.[69] Accordingly, this matter should be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[70]

## III. Recommendation

The documents submitted in support of removal and in response to the *sua sponte* August 3 Order, including Plaintiff's settlement demand, show only conservative treatment totaling less than $6,200, and no surgical recommendation for a collision that occurred nine months ago. The removing defendant Old Republic did not provide any evidence of the amount of lost wages or the nature/extent of any property damages, the cases upon which Old Republic relies are distinguishable, and the "policy limits" settlement demand does not state what those limits are and does not affirmatively state that Plaintiff's damages exceed $75,000, exclusive of interest and costs. Under these facts, Old Republic has not born its burden to establish the Court's subject matter jurisdiction.

As doubts about the propriety of removal are resolved in favor of remand, **IT IS RECOMMENDED** that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, January 5, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[69] "Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount." *Medina v. Allstate Vehicle and Property Insurance Company,* 458 F. Supp. 3d 591, 601 (W.D. Tex. May 1, 2020).

[70] Plaintiff's claims in this case assert violations of state law; therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.